The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Glenn. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award, except with the modification of Findings of Fact Numbers Ten and Eleven, Conclusion of Law Number 7 and the addition of an Order imposing penalties pursuant to N.C. Gen. Stat. § 97-95.
Plaintiff's motion to dismiss defendant's appeal is hereby DENIED.
* * * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner and finds as follows:
FINDINGS OF FACT
1. Plaintiff is a 54 year old with her date of birth being June 9, 1942. Plaintiff completed the seventh grade and started the eighth grade.
2. Plaintiff started working for defendant on May 16, 1994, as a dishwasher. Plaintiff worked as a pot cooker at the time of the incident herein.
3. On June 30, 1995, plaintiff was attempting to pick up a large container of cooking oil when she felt a pull and pain in her back.
4. Plaintiff continued to work for the remainder of the day. The next morning she had difficulty getting out of bed due to back pain.
5. Plaintiff was taken to Pro Med in Salisbury, where she was examined and diagnosed as having a lumbar strain. Plaintiff's condition was treated by physical therapy and medication.
6. Plaintiff was placed on light duty for thirteen days. The defendant did not have any light duty to offer plaintiff and she therefore missed thirteen days from work.
7. Plaintiff was released to return to work on July 13, 1995, without any restrictions.
8. Prior to this incident, plaintiff worked for Woodlea Flames as a cook and also worked for defendant as a cook, with her primary job being her position with Woodlea Flames.
9. Plaintiff has returned to her position with Woodlea Flames performing her regular duties. Plaintiff has not returned to work for defendant.
10. Plaintiff was paid $5.00 per hour by defendant and she normally worked a sixteen hour work week for defendant. Therefore, her average weekly wage was $80.00, yielding a compensation rate of $53.34.
11. On or about June 30, 1995, defendant regularly employed more than three employees. Defendant is jointly owned by James McNeal and Peggy Baker.
12. As a result of the incident of June 30, 1995, plaintiff has incurred medical expenses in the amount of $308.00 from Pro Med and $758.00 from Stewart Physical Therapy and Sports Medicine Clinic of Rowan, Inc. for the treatment of the injuries she sustained.
13. Defendant did not have any Workers' Compensation insurance coverage at the time of the incident June 30, 1995.
* * * * * * * * * * * *
Based on the findings of fact and conclusions of law, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. On or about June 30, 1995, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act. N.C. Gen. Stat. § 97-2(2), (3).
2. On June 30, 1995, there existed an employer-employee relationship between plaintiff and defendant. N.C. Gen. Stat. §97-2(2), (3).
3. On June 30, 1995, plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant. N.C. Gen. Stat. § 97-2(6).
4. As a result of her injury by accident, plaintiff was disabled for thirteen days and she is therefore entitled to temporary total disability for six days. N.C. Gen. Stat. §§97-28; 97-29.
5. As a result of her injury by accident, plaintiff did not sustain any permanent partial disability. N.C. Gen. Stat. §97-31.
6. As a result of her injury by accident, plaintiff is entitled to payment by defendant of all medical expenses incurred, including the medical expenses she incurred from Pro Med and Stewart Physical Therapy and Sports Medicine Clinic of Rowan, Inc. N.C. Gen. Stat. § 97-25.
7. On June 30, 1995, defendant-employer was subject to the Workers' Compensation Act and failed to keep in effect a policy of insurance against compensation liability, as required by N.C. Gen. Stat. § 97-93.
* * * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
AWARD
1. Defendant shall pay compensation to plaintiff at a rate of $53.34 per week for 6/7 week for temporary total disability benefits. This compensation has accrued and shall be paid to plaintiff in a lump sum.
2. Defendant shall pay all medical expenses incurred by plaintiff as a result of this injury by accident. This includes the treatment that plaintiff received from Pro Med and Stewart Physical Therapy and Sports Medicine Clinic of Rowan, Inc.
3. Defendant shall pay the costs due the Commission.
IT IS FURTHER ORDERED that defendant Breakers Sandwich Shop 
Billiards shall pay a penalty of $50.00 per day from June 30, 1995, the date of plaintiff's injury, until such time as the business secured insurance coverage or the business ceased operation. At the oral argument before the Full Commission, Mr. McNeal informed the Commission that the Breakers went out of business approximately two months after plaintiff's injury. Therefore, the penalty period shall run from June 30, 1995, through August 31, 1995, at the rate of $50.00 per day, pursuant to N.C. Gen. Stat. § 97-95.
This the 4th day of June 1997.
 S/ ______________________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
S/ __________________________ BERNADINE S. BALLANCE COMMISSIONER
S/ ___________________ J. HOWARD BUNN, JR. CHAIRMAN
LKM:jmf